**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence J. Warfield, as Trustee for Osborn Scientific Group, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Advnt Biotechnologies, LLC, et al., <br><br> Defendants. <br> _____ <br><br> Advnt Biotechnologies, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> Robert C. Bohannon and Nancy Bohannon, husband and wife, et al., <br><br> Defendants. <br> _____ <br><br> Martin Schroeder and Anne Schroeder, husband and wife; and the Emmes Group, Inc., a corporation, <br><br> Counterclaimants, <br><br> vs. <br><br> Advnt Biotechnologies, LLC, <br><br> Counterdefendant. <br> _____ | Consolidated Actions: <br> No. CV-06-0904-PHX-DGC (Lead Case) <br> No. CV-06-2787-PHX-DGC <br> No. CV-06-2788-PHX-DGC <br><br> **ORDER** |

|   |   |   |
|---|---|---|
| 1 | Martin Schroeder and Anne Schroeder, husband and wife; and the Emmes Group, Inc., a corporation, | ) ) ) |
| 2 | | ) |
| 3 | Crossclaimants, | ) ) |
| 4 | vs. | ) ) |
| 5 | Timothy D. Scherkenback and Jennifer Scherkenback, husband and wife, | ) ) ) |
| 6 | | ) |
| 7 | Crossdefendants.<br>_____ | ) ) |

Advnt Biotechnologies, LLC ("Advnt") and Timothy and Jennifer Scherkenback have filed a motion to dismiss the counterclaim and crossclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Advnt and the Scherkenbacks seek dismissal of abuse of process claims asserted by Martin and Anne Schroeder and the Emmes Group, Inc. Dkt. #94. A response and reply have been filed. Dkt. ##108, 112. The Court will grant the motion.

**I.    Background.**

Lawrence J. Warfield, trustee in bankruptcy for Osborn Scientific Group, Inc. ("OSG"), filed a complaint against Advnt and its owner, Timothy Scherkenback, stemming from Advnt's purchase of many of OSG's asset. *See* 06-ap-00087-GBN, Dkt. #1 ("Trustee Action"). Advnt answered the Trustee's complaint and filed a third-party complaint against OSG's former chief scientist, Robert Bohannon, and against OSG's former investment banker, Martin Schroeder and The Emmes Group, Inc. *Id.*, Dkt. #11 ("Third-Party Complaint"). The Trustee Action was transferred from the Bankruptcy Court to this Court. *See* CV-06-0904, Dkt. #1.

The Court granted motions to strike Advnt's Third-Party Complaint. *See id.*, Dkt. #60. Advnt then filed a separate action for tortious interference with contract against Martin and Anne Schroeder and the Emmes Group. *See* CV-06-2787, Dkt. #1 ("First Advnt Action"). Advnt also filed an action for tortious interference with contract and conversion against Bohannon. *See* CV-06-2788, Dkt. #1 ("Second Advnt Action"). The Court consolidated the Trustee Action and the First and Second Advnt Actions. *See* CV-06-0904, Dkt. #88.

The Schroeders and the Emmes Group ("Claimants") filed an answer, counterclaim, and crossclaim in the First Advnt Action. *Id.*, Dkt. #92. Claimants asserted a counterclaim against Advnt and a crossclaim against the Scherkenbacks ("Defendants"), alleging that the filing of the Third-Party Complaint and the First Advnt Action constituted abuse of process. *Id.* at 4-8.

## II.     Rule 12(b)(6) Standard.

The Court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994). When analyzing a complaint for failure to state a claim, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). The Court may not assume, however, that the plaintiff can prove facts different from those alleged in the complaint. *See Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005).

## III.    Analysis.

Defendants argue that Claimants have failed to state a claim for relief because the filing of the Third-Party Complaint and the First Advnt Action does not constitute abuse of process as a matter of law. Dkt. ##94, 112. The Court agrees.

"The essential elements of an abuse of process claim are (1) 'an ulterior purpose' and (2) 'a willful act in the use of judicial process not in the regular conduct of the proceeding.'" *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1252 (9th Cir. 1987) (quoting *Rondelli v. County of Pima*, 586 P.2d 1295, 1301 (Ariz. Ct. App. 1978)). In addition, and significantly for this case, "abuse of process requires some act *beyond the initiation of a lawsuit*[.]" *Joseph v. Markovitz*, 551 P.2d 571, 575 (Ariz. Ct. App. 1976) (emphasis added). Abuse of process "'is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish.'" *Id.* at 574 (quoting Prosser, *Law of Torts* at 856-57 (4th ed.)); *see Morn v. City of Phoenix*, 730 P.2d 873, 875 (Ariz. Ct. App. 1986) (same). In

1  short, "[i]t is the subsequent misuse [of process] which constitutes the misconduct for which
2  liability is imposed." *Nienstedt v. Wetzel*, 651 P.2d 876, 881 (Ariz. Ct. App. 1982) (citing
3  Restatement (Second) of Torts § 682, cmt. (a) (1977)); *see Bird v. Rothman*, 626 P.2d 1097,
4  1100 (Ariz. Ct. App. 1981) (tort requires "subsequent misuse of process after it was lawfully
5  issued"); *see also Blue Goose Growers, Inc. v. Yuma Groves, Inc.*, 641 F.2d 695, 697 (9th
6  Cir. 1981) ("*Joseph* explicitly rejected the contention that the initiation of a lawsuit can
7  constitute the necessary act" for abuse of process); *In re Am. Cont'l Corp./Lincoln Sav. &*
8  *Loan Sec. Lit.*, 845 F. Supp. 1377, 1385 (D. Ariz. 1993) (abuse of process "requires an overt
9  act other than the initiation of a lawsuit to effect the illegitimate end") (citing *Joseph*).

10  Because the counterclaim and crossclaim at issue in this case are based solely on the
11  filing of the Third-Party Complaint and the First Advnt Action (*see* Dkt. #92 ¶¶ 23, 38), they
12  fail to state abuse of process claims as a matter of law. *See Joseph*, 551 P.2d at 575 (holding
13  that the mere filing of a third-party complaint did not constitute abuse of process); *Blue*
14  *Goose*, 641 F.2d at 697 (affirming dismissal of abuse of process claim where the alleged
15  abusive act "was the initiation of the lawsuit itself"). The allegation that Defendants filed
16  suit to punish or harass Claimants (*see* Dkt. #92 ¶ 28) does not change this conclusion.
17  Without some subsequent misconduct, "an abuse of process claim will not lie even when
18  process was issued without justification." *In re Am. Cont'l Corp.*, 845 F. Supp. at 1385
19  (citing *Morn*, 730 P.2d at 874).

20  Claimants assert in their response that Defendants have done more than simply file
21  suit. Claimants allege that Defendants' successful motion to consolidate "ensnar[ed]
22  [Claimants] in a multiparty, multicount lawsuit" and that Defendants have "also required
23  [Claimants] to participate in discovery concerning [Defendants'] frivolous claims." Dkt.
24  #108 at 2-3.

25  These new allegations "are irrelevant for Rule 12(b)(6) purposes." *Schneider v. Cal.*
26  *Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). The Court may not consider any
27  material beyond the pleadings in ruling on a Rule 12(b)(6) motion, and Claimants' response
28  does not constitute a pleading under Rule 7(a). *See id.*; *Hal Roach Studios, Inc. v. Richard*

*Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); Fed. R. Civ. P. 7(a) (excluding a responsive memorandum from the definition of "pleading"). Because the allegations contained in the counterclaim and crossclaim are insufficient to establish abuse of process, the Court will grant Defendants' motion to dismiss.

**IT IS ORDERED:**

1. Counterclaimant Advnt Biotechnologies, LLC's and Crossclaimants Timothy and Jennifer Scherkenback's motion to dismiss (Dkt. #94) is **granted**.
2. Martin and Anne Schroeder's and the Emmes Group, Inc.'s counterclaim and crossclaim (Dkt. #92) are **dismissed**.

DATED this 25th day of September, 2007.

David G. Campbell
United States District Judge