**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence J. Warfield, as Trustee for Osborn Scientific Group, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> AdVnt Biotechnologies, LLC, et al., <br><br> Defendants. | No. CV-06-0904-PHX-DGC (lead) <br> No. CV-06-2787-PHX-DGC <br> No. CV-06-2788-PHX-DGC <br><br> **ORDER** |

Pending before the Court is a motion for summary judgment filed by certain defendants in this action. Dkt. #154. For the reasons that follow, the Court will grant the motion in part and deny it in part.

**I.    Background.**

Osborn Scientific Group, Inc. ("OSG"), established in 1999, was engaged in the business of developing and manufacturing tests to detect biowarfare and infectious disease agents.  On October 22, 2003, OSG agreed to sell some of its assets to AdVnt Biotechnologies, LLC ("AdVnt") for $50,000. *See* Dkt. #162, Ex. A.  On December 11, 2003, an involuntary bankruptcy petition was filed against OSG.  Lawrence J. Warfield ("Trustee") was subsequently appointed trustee of OSG's bankruptcy estate.

On January 18, 2006, Warfield filed suit against AdVnt and others claiming that OSG received offers for more than $50,000, but made the sale to AdVnt for a lower price in order to satisfy a debt OSG owed to Timothy Scherkenback, AdVnt's owner. 06-ap-00087-GBN,

Dkt. #1 ("Complaint"). The Complaint alleges twenty-counts, including fraudulent conveyance and preferential sale, misappropriation and use of OSG's trade secrets and proprietary information, and unauthorized use of OSG's intellectual property. *Id.* The defendants named in the Complaint are AdVnt, Desert X-Ray Sales, Scherkenback Family LLC (the "LLC"), Sonquest Acquisitions Inc. ("Sonquest"), Critical Safety Products, Desert Health Imaging Technologies LLC, Golden Aerie LLC, Timothy and Jennifer Scherkenback (the "Scherkenbacks"), Merlin Labs Inc., Miller and Ruth Lee (the "Lees"), and Robert and Jane Doe Hudak (the "Hudaks"). Pursuant to a stipulation of the relevant parties, the Court dismissed with prejudice all claims against Merlin Labs, Inc., and the Hudaks. Dkt. #118. The remaining defendants, except for AdVnt ("Defendants"), have filed a motion for summary judgment. Dkt. #154.

## II. Legal Standard.

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "Only disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Summary judgment must be granted to Defendants if Plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [Plaintiff's] case, and on which [Plaintiff] will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-323.

## III. Discussion.

### A. Dismissal of Select Defendants.

The Trustee notes in its response to the motion that it does not object to the dismissal of Defendants Desert X-Ray Sales, Critical Safety Products, Desert Health Imaging Technologies LLC, and Golden Aerie LLC. Dkt. #161 at 2. The Court will grant summary judgment in their favor. As a result, the Court's task in this order is limited to determining

whether summary judgment should be entered in favor of the Scherkenbacks, the Lees, the LLC, or Sonquest.

### B. Liability of the Individual Defendants.

Defendants assert that the AdVnt corporate veil cannot be pierced to impose personal liability on the individual defendants. *See* Dkt. #154 at 5-6. Generally, "the corporate form serves as a shield for the individuals involved for purposes of liability," but "the corporate form may be ignored in cases in which the corporation is the agent or alter ego of the individual defendant, or where there is an identity of interests between the corporation and the individuals." *Davis v. Metro Productions, Inc.*, 885 F.2d 515, 520-21 (9th Cir. 1989) (citations omitted). Plaintiff does not attempt to satisfy any of these requirements.

Even if the corporate form is not disregarded, however, persons may be held liable for their "direct involvement" in alleged wrongdoing. *Gatecliff v. Great Republic Life Ins. Co.*, 821 P.2d 725, 728 (Ariz. 1991) (en banc). More specifically, "[a] corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf." *Coastal Abstract Serv. Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 734 (9th Cir. 1999) (internal quotes and citation omitted). The Court will address the various defendants' exposure to such liability.

#### 1. The Scherkenbacks.

The Trustee asserts that Mr. Scherkenback controlled and directed AdVnt and therefore may be personally liable for AdVnt's tortious acts. Dkt. #161 at 3-4. Defendants concede that Mr. Scherkenback may be liable for Counts 12 and 14-17, but disagree that he may be liable for Counts 1, 5, and 6. Dkt. #168 at 8. These Counts concern a preferential sale in violation of 11 U.S.C. § 547 (Count 1), the recovery of avoided transfers under 11 U.S.C. § 550 (Count 5), and the turnover of property, proceeds, or profit to the Trustee pursuant to 11 U.S.C. § 542 (Count 6). Complaint at ¶¶ 175-78, 197-205.

Defendants appear to distinguish Counts 12 and 14-17 from Counts 1, 5, and 6 on the grounds on that there is no evidence that Mr. Scherkenback personally received any assets

- 3 -

from the sale and that the latter Counts arise out of bankruptcy law. Dkt. #168 at 7-8. As support, Defendants cite two cases – *In re Pony Exp. Delivery Services, Inc.*, 440 F.3d 1296 (11th Cir. 2006), and *In re Tidewater Designs, Inc.*, 276 B.R. 733 (Bankr. E.D. N.C. 2002). *Id.* at 7. These cases recognize that an avoidable transfer of assets can be recovered only from an "initial transferee" as specified in 11 U.S.C. § 550. *See In re Pony*, 440 F.3d at 1300; *In re Tidewater Designs*, 276 B.R. at 735. In both cases, the courts found that a conduit was not an "initial transferee" within the meaning of section 550. *See In re Pony*, 440 F.3d at 1300-04; *In re Tidewater Designs*, 276 B.R. at 735-36.[1]

The present circumstances are different. The issue to be resolved here is not whether a third-party conduit of assets is an initial transferee, but whether an individual with alleged control over the actual and intended recipient of the assets is an initial transferee. The Ninth Circuit has stated that a section 550 initial transferee "is one who, at a minimum, has dominion over the money or other asset, the right to put the money to one's own purposes." *In re Cohen*, 300 F.3d 1097, 1102 (9th Cir. 2002) (internal quotes and citation omitted). "In practical terms, the 'dominion test' requires that a transferee be free to invest the whole amount in lottery tickets or uranium stocks." *Id.* (internal quotes, brackets, and citation omitted). "Dominion is therefore akin to legal control[.]" *Id.* As a result, the Trustee need not prove a physical transfer of assets directly to Mr. Scherkenback in order for personal liability to lie. The Court must deny summary judgment if there is a factual dispute as to whether Mr. Scherkenback had "legal control" over AdVnt's monies.

Mr. Scherkenback admits that he is "either an owner, principal, or an authorized representative of an entity which is an owner" of AdVnt. Dkt. #155 Ex. A at ¶1. He further states that his actions were "for and on behalf of" AdVnt and that he formed AdVnt specifically "to consummate the transaction[.]" *Id.* at ¶8. He signed the purchase agreement as president of AdVnt. *See* Dkt. #162, Ex. A at 4. Given Mr. Scherkenback's position, the

---

[1] These cases relate only to section 550. Defendants have provided no authority for the proposition that section 542 or 547 claims cannot proceed against Mr. Scherkenback or individual defendants more generally.

Court concludes that a factual dispute exists regarding Mr. Scherkenback's legal control over AdVnt's assets. Summary judgment will therefore be denied as to the Scherkenbacks.

### 2. The Lees.

The Trustee alleges that Mr. Lee was the chief financial officer of OSG and the chief financial officer of AdVnt. Complaint at ¶38. Defendants admit this allegation, but assert that the Trustee has no evidence of liability aside from these job titles and related functions.

The Trustee cites *Wells Fargo Bank v. Arizona Laborers*, 38 P.3d 12 (Ariz. 2002), which establishes the following elements for aiding and abetting liability: "(1) the primary tortfeasor must commit a tort that causes injury to the plaintiff; (2) the defendant must know that the primary tortfeasor's conduct constitutes a breach of duty; and (3) the defendant must substantially assist or encourage the primary tortfeasor in the achievement of the breach." *Id*. at 23; *see* Dkt. #161 at 5. The Trustee points to Mr. Lee's affidavit, in which he states that he communicated with OSG's chief lender about the transaction and relayed financial information to the lender. *See* Dkt. #161 at 5.

Mr. Lee's roles are insufficient to give rise to personal liability under *Wells Fargo*. Mr. Lee must have had "knowledge of the primary violation" – the underlying tort. *Sec. Title Agency, Inc. v. Pope*, --- P.3d ---, 2008 WL 2895939, at *9 (Ariz. Ct. App. July 29, 2008) (internal quotes and citation omitted). This "knowledge requirement may be satisfied by showing general awareness of the primary tortfeasor's fraudulent scheme." *Dawson v. Withycombe*, 163 P.3d 1034, 1052 (Ariz. Ct. App. 2007). While Mr. Lee may have had knowledge of the transaction, the Trustee has presented no evidence that Mr. Lee knew the transaction was tortious. The Court therefore will grant summary judgment for the Lees on the aiding and abetting claims (Counts 14, 16). As the Trustee has not presented evidence on any of the other Counts involving Mr. Lee and has not provided legal authority for anything other than aiding and abetting liability, the Court will grant summary judgment on the other claims against the Lees (Counts 12-13, 15, 17).

### C. Liability of the Corporate Defendants.

Defendants' motion seeks dismissal of the claims of aiding and abetting breach of

1  fiduciary duty (Count 14), acting in concert in breach of fiduciary duty (Count 15), aiding
2  and abetting and conspiracy to commit fraudulent transfers (Count 16), and corporate
3  disregard/alter ego (Count 20) as to the LLC and Sonquest. *See* Dkt. #168 at 8. In response,
4  the Trustee appears to contend that AdVnt's corporate structure indicates that both the LLC
5  and Sonquest controlled and directed AdVnt and therefore are liable for AdVnt's tortious
6  conduct. Dkt. #161 at 3-4. Specifically, the Trustee asserts that AdVnt consists of two
7  members, Sonquest (the managing member) and the LLC, (Dkt. #162 at ¶¶4-5), the LLC in
8  turn consists of Sonquest (the managing member) and others (Complaint at ¶22), and Mr.
9  Scherkenback was president and chief executive officer of Sonquest (Dkt. #162 at ¶3). The
10 Trustee argues that "the connection and control of Timothy Scherkenback, Sonquest, and the
11 Scherkenback Family, LLC over AdVnt implicate all three as persons or entities that
12 controlled AdVnt in its tortious acts." Dkt. 161 at 4 (citation omitted).
13         At the outset, it should be noted that "corporate status will not be lightly disregarded."
14 *Chapman v. Field*, 602 P.2d 481, 483 (Ariz. 1979). In order for AdVnt's corporate form to
15 be disregarded and its members reached for liability purposes, the Trustee would need to
16 identify an "'inequitable result' that makes alter ego liability appropriate [namely] an abuse
17 of the corporate form, such as undercapitalization or misrepresentation of the corporate
18 structure to creditors." *Orloff v. Allman*, 819 F.2d 904, 909 (9th Cir.1987), *abrogated on*
19 *other grounds*, *Hollinger v. Titan Corp.*, 914 F.2d 1564 (9th Cir.1990); *see Ize Nantan*
20 *Bagowa, Ltd. v. Scalia*, 577 P.2d 725, 728 (Ariz. App. 1978) ("The corporate fiction will be
21 disregarded . . . when to observe the corporation would work an injustice."). Plaintiff has
22 presented no evidence of such facts. *See, e.g.*, *Ferrarell v. Robinson*, 465 P.2d 610, 613
23 (Ariz. Ct. App. 1970) (declining to pierce the corporate veil where "[t]here was no substantial
24 evidence of intermingling of corporate and personal assets, affairs or funds"). The Trustee
25 seems to suggest that the corporate structure alone is sufficient for liability. While it is true
26 that the corporate structure here can be described as close, that fact by itself does not furnish
27 a basis to set aside the corporate form. *See id*. ("[T]he mere fact that [an individual] was an

officer and the sole shareholder in [a corporation], does not in and of itself make this situation one in which the corporate form should be disregarded.")

It is true, as noted above, that entities may be liable for their direct involvement in tortious conduct, irrespective of the corporate form. *See Gatecliff*, 821 P.2d at 728. But Plaintiff has presented no evidence of the role played by the LLC or Songquest in the events at issue, and the purchase agreement clearly notes that Mr. Scherkenback signed the contract as president of AdVnt. *See* Dkt. #162, Ex. A at 4. Plaintiff has failed to produce evidence needed to satisfy its burden of proof against the LLC and Songquest at trial. The Court therefore will grant summary judgment in their favor. *Celotex*, 477 U.S. at 322-323.

**IT IS ORDERED:**

1. Defendants' motion for summary judgment (Dkt. #154) is **granted in part and denied in part**. It is granted with respect to Defendants Desert X-Ray Sales, Critical Safety Products, Desert Health Imaging Technologies LLC, Golden Aerie LLC, Miller and Ruth Lee, the Scherkenback Family, LLC, and Sonquest Acquisitions Inc. It is denied in all other respects.

2. A final pretrial conference will be scheduled by separate order.

DATED this 5th day of September, 2008.

*[signature]*
David G. Campbell
United States District Judge