**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence J. Warfield, as Trustee for Osborn Scientific Group, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> AdVnt Biotechnologies, LLC, et al., <br><br> Defendants. | Consolidated Actions: <br> No. CV-06-0904-PHX-DGC (Lead Case) <br> No. CV-06-2787-PHX-DGC <br> No. CV-06-2788-PHX-DGC <br><br> **ORDER** |

On November 20, 2006, AdVnt Biotechnologies, LLC ("AdVnt") filed a third-party complaint against Defendants Martin and Ann Schroeder and The Emmes Group, Inc. (collectively, "Schroeder"). Dkt. #1 (Case No. 06-2787). The complaint alleges that Schroeder, a former consultant for Osborn Scientific Group, Inc. ("OSG"), intentionally made false statements in 2004-2005 that induced or caused the breach of a contract between OSG and AdVnt. *Id.* The complaint asserts two causes of action – misrepresentation and tortious interference with contract. *Id.* The Court previously dismissed the misrepresentation claim. Dkt. #24 (Case No. 06-2787). Schroeder has now filed a motion for summary judgment on the tortious interference claim. Dkt. #149. For the reasons that follow, the Court will grant the motion.[1]

---

[1] The parties' requests for oral argument are denied because the issue have been thoroughly briefed and argument will not aid the Court's decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

1  **I.      Legal Standard.**

2   Summary judgment is appropriate if the evidence, viewed in the light most favorable
3  to the nonmoving party, "show[s] that there is no genuine issue as to any material fact and
4  that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see*
5  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  "Only disputes over facts that might
6  affect the outcome of the suit . . . will properly preclude the entry of summary judgment."
7  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The disputed evidence must be
8  "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

9  **II.     Discussion.**

10  To establish a prima facie case of intentional interference with contract, a plaintiff
11 must prove: (1) the existence of a valid contract, (2) the defendant's knowledge of the
12 contract, (3) intentional interference causing a breach of the contract, (4) resulting damage
13 to the party whose contractual relationship has been disrupted, and (5) that the defendant
14 acted improperly. *Wells Fargo Bank v. Arizona Laborers*, 38 P.3d 12, 31 (2002).  Schroeder
15 argues that AdVnt cannot prove any of these elements. *See* Dkt. #149.[2]

16  "Essential to the right of recovery is the existence of a contractual relationship
17 between the plaintiff and a party other than the defendant." *Am. Family Mut. Ins. Co. v.*
18 *Zavala*, 302 F. Supp. 2d 1108, 1118 (D. Ariz. 2003).  Schroder contends that AdVnt cannot
19 satisfy this requirement because the OSG-AdVnt contract was executory, was not assumed
20 by the Trustee, and therefore was rejected and breached by operation of bankruptcy law long
21 before Schroeder is alleged to have interfered. *See* Dkt. #149 at 5-6.

22  AdVnt responds by asserting that the contract was not executory.  An executory
23 contract is "defined in the bankruptcy context as a contract in which the obligations of both
24 the bankrupt and the other party to the contract are so far unperformed that the failure of
25 either to complete performance would constitute a material breach." *In re Imperial Credit*

26

27  [2] Schroeder's papers violate the font and type size requirements of the Court's local rules. *See* LRCiv 7.1(b)(1).  Schroeder's counsel is reminded to comply with these rules in the future.

- 2 -

1 *Indus., Inc.*, 527 F.3d 959, 974 (9th Cir. 2008) (internal quotes and citation omitted).

2   AdVnt agrees that it had paid only $25,000 of the $50,000 purchase price as of
3 December 11, 2003 – the date of OSG's bankruptcy. Dkt. #159, ¶ 11. Because failure to pay
4 the remaining half of the purchase price clearly would have constituted a material breach of
5 the contract, AdVnt's side of the contract was executory.

6   Schroeder argues that OSG's side was also substantially unperformed as of
7 December 11, 2003, because OSG had not yet delivered the SOPs needed to make the
8 product AdVnt had purchased from OSG. Dkt. ##149 at 6; 150, ¶¶ 4-7. In response, AdVnt
9 does not dispute that the SOPs were undelivered as of the bankruptcy filing date. Dkt. #159,
10 ¶¶ 4-7. Nor could it, for AdVnt repeatedly has asserted in this litigation that it did not receive
11 the SOPs and that it was required to invest substantial sums of money recreating the SOPs
12 with the aid of third parties. *See, e.g.*, AdVnt's Answer, Counterclaim and Third-Party
13 Complaint ("Counterclaim") in Bankruptcy Case No. 03-21672-GBN, Adversary No. 2:06-
14 ap-00087-GBN, Dkt. #11 at 25; Dkt. #20 at 3; Dkt. #150-2 at 10 (answer to interrogatory 3);
15 Dkt. #150-3 at 6 (response to RAF 33). Indeed, this is the basis for AdVnt's Counterclaim
16 against the Trustee. *See* Counterclaim ¶¶ 1-10.

17   AdVnt instead responds to Schroeder's motion by arguing that AdVnt did not learn
18 of the failure to deliver the SOPs until late 2004, and its cause of action for the failure
19 therefore did not accrue until that date. Dkt. #158 at 5. The relevant question for purposes
20 of this motion, however, is not when AdVnt learned that OSG had failed to perform the
21 contract, but whether OSG had performed when the bankruptcy was filed on December 11,
22 2003. AdVnt repeatedly has asserted that it had not.

23   Because both OSG and AdVnt had failed to perform substantial parts of the contract
24 as of December 11, 2003, the contract clearly was executory. *See Imperial Credit*, 527 F.3d
25 at 974. The remaining portions or Schroder's argument are not disputed. AdVnt admits that
26 an order for relief was entered by the bankruptcy court on January 23, 2004. Dkt. #159, ¶ 10.
27 AdVnt further admits that the contact was not assumed or rejected by the Trustee within 60

days of the order of relief. *Id.* ¶ 15. By operation of bankruptcy law, therefore, the contract was deemed rejected and breached as of December 11, 2003. *See* 11 U.S.C. § 365(d)(1), (g)(1). Because the contract was rejected and breached well before Schroeder is alleged to have interfered with it, AdVnt's claim for intentional interference fails. Given this conclusion, the Court need not address Schroeder's other arguments.

**IT IS ORDERED:**

1. Defendants' motion for summary judgment (Dkt. #149) is **granted**.
2. Schroeder's motion to strike (Dkt. #171) is **denied** under LRCiv 7.2(m)
3. The Court will set a final pretrial conference by separate order.

DATED this 5th day of September, 2008.

David G. Campbell
United States District Judge